# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAOUL LAFOND,<br>  Petitioner,<br><br>vs.<br><br>ERIC H. HOLDER, JR. *Attorney General of the United States*; CLIFTON THOMAS BARRETT *U.S. Assistant Attorney for the Middle District, Greensboro, NC*; JOSE SANTANA *Section Chief for U.S. Bureau of Prisons*; MARK A. KIRBY *Warden and Custodian of Federal Correctional Institution, Loretto, PA,*<br>  Respondents. | Civil Action No. 15-28J<br>Chief Magistrate Judge Maureen P. Kelly |

## MEMORANDUM OPINION

At the time of filing the Petition, Raoul LaFond ("Petitioner") was held in the Moshannon Valley Corrections Center ("MVCC") as a federal post-convicted prisoner. By means of the Petition, he seeks to challenge the effect of a detainer that was issued on July 8, 2003, by the federal immigration authorities, known at the time as the Immigration and Naturalization Services ("INS"). ECF No. 1. Petitioner complains in the Petition that the Respondents are utilizing the detainer to deny him privileges and take away his liberty, which violates his constitutional rights because the detainer is twelve years old and the detainer expired by its own terms 48 hours after issuance. See ECF No. 1 at 5 – 6. Petitioner asserts that the Respondents utilize the detainer in order to put an "Inmate Hold" or "Management Variable" on Petitioner which results in restrictions on him that other prisoners do not have to undergo. Id. at 3 (Petitioner asked Respondents to "quash or dismiss fifteen (15) year old expired forty-eight

(48) hour Detainer and its resulting 'inmate hold' or 'Management Variable' unconstitutionally lodged against the Petitioner's custody, risk, designation and camp placement classification.").

## I. PROCEDURAL HISTORY

On February 2, 2015, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the application of a Greater Security Management Variable preventing him from camp placement. ECF No. 1. Respondents filed their Response, ECF No. 5, to the Petition, arguing that the Court lacks jurisdiction because the issue Petitioner raises is not the proper subject of a habeas petition; Petitioner's immigration detainer was and continues to be valid; the due process clause does not create an inherent liberty interest guaranteeing Petitioner housing in a particular penal institution; and dismissal is appropriate because Petitioner failed to exhaust his administrative remedies.

Subsequently, Petitioner submitted a Request to Take Judicial Notice, arguing that he is an American citizen by virtue of his parents becoming naturalized citizens while he was residing with them in Brooklyn, New York prior to his eighteenth birthday and impliedly, that the immigration detainer was erroneously placed against him by the federal immigration authorities. ECF No. 10. Petitioner attached to that Request to Take Notice, what purported to be the Certificate of Naturalization of Petitioner's mother which showed that she was naturalized on October 30, 1980. Naturalization occurring on such a date would have occurred prior to Petitioner's eighteenth birthday, which, under 8 U.S.C. §1431(a) would have qualified Petitioner for citizenship in his own right so long as his mother was in fact naturalized prior to Petitioner turning eighteen.

The Court ordered Respondents to respond to Petitioner's Request to Take Judicial Notice. ECF No. 11. Following the Court's order, Respondents contacted the Bureau of

2

Immigration and Customs Enforcement ("ICE"), the successor agency to the INS, and requested that it review Petitioner's and/or his mother's alien file (commonly known as an "A-File"). In response, ICE informed Respondents that the copy of Petitioner's mother's naturalization certificate that Petitioner submitted to the Court contained false information and ICE provided Respondents with an authentic copy containing the correct information. Respondents provided a copy of the mother's Certificate of Naturalization accompanied by a certification of the copy by the custodian of that record. Petitioner's copy of the mother's Certificate of Naturalization, which was not accompanied by a certification of authenticity by the record's custodian, showed a date of October 30, 1980. Respondents' certified copy shows a date of October 30, 1984, which would mean that Petitioner's mother was not naturalized until after Petitioner had already turned twenty years of age, rendering him ineligible to qualify for citizenship under 8 U.S.C. §1431(a). Petitioner filed a Reply to the Response where he asserts that his copy is a copy of the "original" and that the Respondents' copy is a duplicate, containing inaccurate information. ECF No. 16. As such, this Court denied Petitioner's request to take judicial notice. ECF No. 17.

All parties have consented to the plenary exercise of jurisdiction by the Magistrate Judge. ECF Nos. 7 and 8.

**II. DISCUSSION**

    **A.    Petitioner Failed to Exhaust his Administrative Remedies.**

Respondents point out that Petitioner failed to exhaust his administrative remedies as is required prior to filing this Section 2241 habeas petition. ECF No. 5 at 3 - 5. Petitioner does not contend that he did exhaust, but, rather, he contends that the "Administrative Remedies are Constitutionally inadequate to address the federal question involved in granting habeas relief. . . ." ECF No. 1 at 3.

Respondents are correct that Petitioner is required to exhaust his administrative remedies prior to bringing this Section 2241 habeas petition. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("Although there is no statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241."). In this regard we note that "[i]n contrast to civil rights actions and the Prison Litigation Reform Act, where exhaustion is an affirmative defense, and non-exhaustion is to be proven by the defendants, *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002), in habeas petitions, exhaustion is a condition precedent to filing with the consequent burden of proving exhaustion on the habeas petitioner." Davis v. PA Dept. of Corrections, CV 15-587, 2016 WL 7131565, at *3 (W.D. Pa. Dec. 6, 2016). This means that it would be Petitioner's burden to show why the administrative remedies provided by the Bureau of Prison's ("BOP") are constitutionally inadequate. In this case, Petitioner fails to do so other than merely declaring the administrative remedies are inadequate. ECF No. 1 at 2 – 3. This is insufficient to carry the requisite burden to show that the presumptively adequate remedies are inadequate. See U.S. v. Levy, 897 F.2d 596, 598 (1st Cir. 1990) ("because he has not exhausted the presumptively adequate administrative remedy available to him, his constitutional arguments are premature.").

Accordingly, the Petition is dismissed for failure to exhaust his administrative remedies.

    **B.**     **The Management Variable Claim is not Cognizable via Section 2241.**

Petitioner's challenge herein to the application of a Management Variable is simply not cognizable via a Section 2241 Petition but must instead be brought by way of a Bivens action, as Respondents correctly point out. Briley v. Atty. Gen. U.S., 632 Fed. Appx. 84 (3d Cir. 2016) ("Jay Bonanza Briley, a federal inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking to challenge the Bureau of Prison's ('BOP') determination that a Greater

4

Security Management Variable should be applied to his custody classification.. . . We agree with the District Court that Briley's challenge to his custody classification is not cognizable in a § 2241 petition because he does not challenge the basic fact or duration of his imprisonment, which is the 'essence of habeas.'"). Accordingly, the Management Variable claim does not warrant federal habeas relief.

**C. The Challenge to the Viability of the Detainer Lacks Merit.**

Petitioner's challenge to the continuing viability of the detainer against him is simply unpersuasive for the reasons pointed out by the Respondents in the Response. ECF No. 5 at 8 – 11. The validity of the detainer did not lapse after 48 hours as Petitioner seemingly argues. Hence, the detainer remains valid and enforceable. To the extent Petitioner argues that he is a citizen, not properly subject to the immigration detainer, we have already implicitly rejected that argument given that there is no competent evidence of record to support his claim of citizenship as we determined in our order denying his Motion to Take Judicial Notice.

To the extent that he claims denial of a liberty interest without procedural due process given that he was not provided notice and an opportunity to be heard prior to the imposition of the ICE detainer or prior to the BOP classifying him and imposing a Management Variable on him, we find that he was not entitled to any procedural due process because neither the placement of a detainer, or its implications for Petitioner's custody classification and resulting ineligibility for camp placement implicates a liberty interest. See, e.g., Becerra v. Miner, 248 F. Appx. 368, 370 (3d Cir. 2007) (inmate assigned public safety factor of "deportable alien" had no liberty interest in his consequential disqualification for certain institutional programs); Zakharenko v. U.S. Bureau of Prisons, CV 16-183J, 2017 WL 2559625, at *3 (W.D. Pa. June 13, 2017) ("Additionally, no due process violation has occurred because Petitioner does not have a

liberty interest in the programs and benefits he claims he is being wrongly or unfairly denied. *See e.g., Gallegos*, 688 F.3d at 195 (finding no liberty interest in drug-rehabilitation and other related programs arising from 18 U.S.C. §§ 3621 and 3624 and therefore no due process violation in denial of these benefits to inmate with ICE detainer)."). Neither does the imposition or the effects of the detainer violate substantive due process. See, e.g., Carvajal v. Tombone, 31 F. App'x 155, 155 (5th Cir. 2001) ("The BOP's classification of prisoners based on whether they are INS detainees or citizens of the United States is not a suspect classification, and therefore, the rational basis standard of review is applicable. The BOP's determination that INS detainees are ineligible to participate in such programs is rationally related to the legitimate governmental interest of preventing such INS detainees from fleeing during the community-based portion of the above programs.") (citation omitted).

Accordingly, the detainer nor its effects deny Petitioner either procedural or substantive due process.

## III. CONCLUSION

For the foregoing reasons, the Petition is DENIED. No certificate of appealability is needed for federal prisoners whose Section 2241 petitions have been denied. Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017) ("The requirements for obtaining a certificate of appealability set forth in 28 U.S.C. § 2253(c) do not apply to prisoners appealing the denial of a § 2241 petition.").

BY THE COURT:

Date: October 27, 2017

s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

6

cc:  Raoul LaFond
     18624-057
     Loretto Federal Correctional Institution
     Inmate Mail/Parcels
     P.O. Box 1000
     Loretto, PA 15940

     All counsel of record via CM-ECF